COOK, Circuit Judge,
concurring in part and dissenting in part.
I would affirm the conditions of supervised release requiring Kelly to complete sex-offender treatment and a psychosexual evaluation, see U.S. Dist. Ct. Rules E.D. Tenn. LR 83.10(b)(1), (b)(7), and therefore dissent from those portions of the majority opinion vacating the conditions. At Kelly’s initial sentencing, the district court remarked that Kelly never completed a sex-offender treatment program. In fact, after serving a fourteen-year sentence for sexual assault, Kelly absconded from a court-ordered treatment program in 2005. The district court therefore found sex-offender treatment and a psychosexual evaluation “fully justified.” Kelly ignored those conditions on supervised release, and the court reimposed them at the revocation hearing. District courts enjoy broad discretion to impose special conditions relating to a defendant’s criminal history, United States v. Shultz, 733 F.3d 616, 619 (6th Cir.2013), and Kelly’s criminal history reveals an as-yet-unfulfilled need for treatment. The district court acted within its considerable discretion in requiring sex-offender treatment and a psychosexual evaluation.